**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GREGORY HARRIS,**

    **Plaintiff,**

**vs.**                                      **Case No. 4:16cv596-RH/CAS**

**JULIE JONES, et al.,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

The pro se Plaintiff was conditionally granted leave to proceed in forma pauperis on appeal. ECF No. 44. Plaintiff's motion was referred to determine whether he must pay an initial partial filing fee. *Id.*

Although no objection was filed by Defendants to that Order, the process of reviewing Plaintiff's motion, ECF No. 43, and his prior motion, ECF No. 38, has revealed that Plaintiff is not entitled to proceed with in forma pauperis status absent allegations he is in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).[1] As illustrated

---

[1] Section 1915(g) provides that a prisoner may not proceed with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

below, Plaintiff is a "three striker" and is barred from proceeding without full payment of the filing fee at the time of case initiation. 28 U.S.C. § 1915(g).

Plaintiff previously initiated case number 13-24422-civ in the Southern District of Florida on December 9, 2013. The case was dismissed sua sponte on January 24, 2014, pursuant to the "three strikes" provision of the Prison Litigation Reform Act. Doc. 7 of that case. United States District Judge Kathleen M. Williams adopted the Report and Recommendation, doc. 5, of United States Magistrate Judge P.A. White which detailed that Plaintiff[2] had previously filed four cases in that court that were dismissed as either frivolous, malicious, or for failure to state a claim upon which relief may be granted. *Id.* Judge White also noted that Plaintiff already had two cases (case number 13-24417-civ and case number 13-14422-civ) dismissed pursuant to § 1915(g) finding that Plaintiff qualified as a "three-striker" under § 1915(g). Doc. 5 at 2 of that case. Judicial notice is also taken of case number 4:15cv366-RH/CS which was filed by Plaintiff

---

was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2] The Court has confirmed that these cases were filed by Plaintiff Gregory Harris whose inmate number as M38811. *See* ECF No. 2 at 1.

Case No. 4:16cv596-RH/CAS

Gregory Harris in this Court. The case was dismissed under 28 U.S.C. § 1915(g) because Plaintiff has at least three "strikes" and did not allege he was in imminent danger of serious physical injury.

Those cases, although not a complete listing of all of Plaintiff's civil cases, are sufficient to demonstrate that Plaintiff has three strikes and is well aware of the fact that he is barred from proceeding with in forma pauperis status unless his complaint meets the "imminent danger" exception of § 1915(g).[3] It does not. In this case, Plaintiff raises First Amendment claims concerning access to court. See ECF No. 17. There are no allegations presented concerning imminent danger. Therefore, Plaintiff should not be permitted to proceed with in forma pauperis status and should be required to pay the entire appellate filing fee. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motion, ECF No. 43, be **DENIED** and Plaintiff

---

[3] This case was removed to federal court from state court by the Defendants. ECF No. 1. Thus, Defendants paid the filing fee, not Plaintiff.

Case No. 4:16cv596-RH/CAS

be required to pay the full amount of the appellate filing fee because he is not entitled to in forma pauperis status pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 10, 2017.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**